UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
:
LEXINGTON INSURANCE CO., CONTINENTAL :
CASUALTY COMPANY and HARTFORD FIRE : Case No.: 07 Civ. 7443 (LAK)(DFE)
INSURANCE COMPANY, as subrogees of L&B Realty
Advisors, Inc., : **AMENDED COMPLAINT**

                Plaintiffs, : **Jury Trial Demanded**

     -against- :

GVA WILLIAMS LLC, :

                Defendant. :

----------------------------------------------------------------- x

      Plaintiffs Lexington Insurance Co., Continental Casualty Company and Hartford Fire Insurance Company, by their attorneys Robinson & Cole LLP, as and for their amended complaint against the defendant allege as follows:

### Background

      1.    This is a subrogation action by plaintiffs, Lexington Insurance Co., Continental Casualty Company and Hartford Fire Insurance Company ("Plaintiffs"), the first party property insurers of L&B Realty Advisors, Inc. ("L&B").

      2.    Plaintiffs have paid to L&B a total of $358,748.14 in connection with a loss sustained by it on August 21, 2006 arising out of a flood which caused substantial damage to L&B's building ("Building") located at 500 Fifth Avenue, New York, NY 10110 (the "Loss").

      3.    This action is brought against the managing agent of the Building, GVA Williams LLC ("GVA Williams"), because the loss was due to GVA Williams' negligence in failing to adequately maintain a certain domestic water tank located inside the Building, which overflowed, and in failing to take other precautions which would have prevented the Loss.

4.   In addition to the $358,748.14 paid by plaintiffs, plaintiffs anticipate that additional monies will be paid and that L&B will incur a deductible in the amount of $50,000. Therefore the total amount sought in this action is the sum of the two, or at least $408,478.14, plus any additional monies paid by plaintiffs to L&B.

## Jurisdiction and Venue

5.   This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.

6.   Venue is proper in this District pursuant to 28 U.S.C. §1391(a).

## Parties

7.   At all relevant times herein, Lexington Insurance Co. ("Lexington") was a corporation organized under the laws of the State of Delaware with its principal place of business in Boston.

8.   Lexington was the first party property insurer of L&B under policy number 8754962 which covered the period May 1, 2006 through May 1, 2007.

9.   At all relevant times herein, Continental Casualty Company ("Continental") was a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

10.   Continental was the first party property insurer of L&B under policy number 282514553 which covered the period May 1, 2006 through May 1, 2007.

11.   At all relevant times herein, Hartford Fire Insurance Company ("Hartford") was a corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

12. Hartford was the first party property insurer of L&B under policy number GX0002518 which covered the period May 1, 2006 through May 1, 2007.

13. The aforementioned insurance policies are collectively referred to as the "Policies."

14. In accordance with a prior arrangement among the plaintiffs, AIG is responsible for 50% of all amounts paid to L&B, Hartford is responsible for 25%, and Continental is responsible for 25%.

15. Pursuant to the Policies and relevant law, plaintiffs, having paid amounts pursuant to the Policies in connection with the Loss, are subrogated to all of L&B's rights and are entitled to pursue claims against the party or parties which may have caused or been responsible for the Loss.

16. Upon information and belief, at all relevant times herein, GVA Williams was and still is a limited liability company duly organized and existing under the laws of the State of New York with its principal place of business in New York, New York; its sole member is Williams Real Estate Co. Inc., a corporation organized under the laws of the State of New York with its principal place of business in New York, New York.

### The Loss

17. The Loss was caused by the overflow of a domestic water tank which was located in the mechanical room encompassing the 42nd and 43rd floors of the Building.

18. The overflow occurred because one of the float ball rods became stuck and therefore failed to turn off the fill valve once the water filled the tank.

19. The water thereupon overflowed the tank through an overflow pipe which emptied onto the 38th floor setback of the Building, and the water accumulated, eventually migrating into the Building causing substantial damage.

20. Although the overflow activated a red flashing light in the basement of the Building, none of defendant's personnel were there at the time, and the overflow alert did not shut off the intake valve. Rather, the water kept flowing until the flood was eventually discovered by building personnel.

### First Claim for Relief Against Defendant
### (Negligence)

21. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 20 as though fully set forth at length herein.

22. Defendant had a duty of reasonable care to insure that the mechanism of the domestic water tank was adequately maintained so that all valves would work properly, and in particular that the water intake valve would shut off before the tank overflowed.

23. Defendant, through its agents, servants, representatives and employees, breached its duty of reasonable care by among other things: (i) failing to maintain the float mechanism of the domestic water tank, which mechanism required regular maintenance including the cleaning out of debris and application of lubrication to make sure that the float would not become stuck in the open position; and (ii) failing to take appropriate precautions to insure that, in the event of an overflow condition, significant water damage would not ensue, which precautions would include but not be limited to recommending or upgrading the overflow alarm so that it could be heard by building personnel at any time during day or night and/or upgrading the overflow alarm such that the intake valve to the domestic water tank would automatically shutoff in the event of an overflow condition.

24. Defendant's conduct was the direct and proximate cause of the Loss.

25. To date, plaintiffs have been damaged in the amount of $358,748.14, the amount they paid to L&B; plaintiffs anticipate paying additional amounts to L&B; and plaintiffs are also entitled to recover L&B's $50,000 deductible; which amounts currently total $408,748.14, plus any additional amounts which plaintiffs may pay on account of the Loss.

**Second Claim for Relief against Defendant**
**(Breach of Contract)**

26. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25 as though fully set forth at length herein.

27. Upon information and belief, L&B and GVA Williams entered into a contract pursuant to which GVA Williams managed the Building.

28. Upon information and belief, the contract requires GVA Williams to insure that all mechanical systems are maintained in proper working order and to upgrade, or to at least recommend upgrades to said systems to insure the safety of the Building and the protection of the Building's tenants.

29. Defendant breached the contract.

30. To date, plaintiffs have been damaged in the amount of $358,748.14, the amount they paid to L&B; plaintiffs anticipate paying additional amounts to L&B; and plaintiffs are also entitled to recover L&B's $50,000 deductible, which amounts currently total $408,748.14, plus any additional amounts which plaintiffs may pay on account of the Loss.

WHEREFORE, plaintiffs demand judgment as follows:

I. On the first claim of relief, the amount of $408,748.14, plus any additional amounts paid by plaintiffs on account of the Loss, plus interest from August 21, 2006;

II.  On the second claim for relief, the amount of $408,748.14, plus any additional amounts paid by plaintiffs on account of the Loss, plus interest from August 21, 2006;

III.  The cost and disbursements of this action; and

IV.  Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       September 7, 2007

ROBINSON & COLE LLP

BY: *Michael Golden*
MICHAEL B. GOLDEN, ESQ. (MB-0633)
Attorneys for Plaintiff
885 Third Avenue
Suite 2800
New York, New York 10022
212-451-2900